<hr />

### CHAMPLIN v. JONES, 7 HILL, 245.

In Ch. 10 Paige, 274.

#### *Devise ; Trust and Trustee.*

AN estate was devised in 1821 to three persons, trustees, of whom C. was one, in trust to receive the rents and income for the use of C. during her life and to divide the estate among her children after her death, with an executory limitation over to the issue of such of the children as should die before the time appointed for distribution ; and the trustees were authorised to sell or lease the estate in the meantime for the purposes of the trust and to invest the proceeds. In November, 1841, an agreement was signed by C. and all her children except one, who refused to assent to it, that the property should be sold in Jan. 1842, and the *proceeds divided.* The property was put up at auction by the trustees in Jan. 1842, and bid in by H. the defendant, who afterward refused to complete the purchase, alleging that the sale was illegal, having been made for *the purpose of dividing the proceeds during the lifetime of C.* and not for investment under the devise. Bill was filed against H. for a specific performance of his contract.

The Chancellor held that the defendant was not bound to complete his purchase; as the sale of the estate was not for the purpose of investment, but with the avowed intention of distributing the proceeds between C. and her children immediately, during the lifetime of C., it would be a violation of the trust so far as regarded the interests of the issue of the children who might happen to die during the lifetime of C. That the purchaser who had notice of the intended dis-

position of the proceeds would not be protected if the proceeds should be thus misapplied; and the provision in the Revised Statutes to protect persons who pay money in good faith to trustees, against a misapplication of the trust fund, will not protect a purchaser who has actual notice that the sale is not made for the objects of the trust, but with the intention of misapplying the proceeds. He also held that:

"Where an estate is devised in fee, in remainder, after a life estate, with an *executory* limitation over to the issue of the devisee in case of his death, such dying is construed to apply to the time when the remainder is limited to take effect in possession, and not to the time of the death of the testator; and the term issue in such case is a term of purchase and not of limitation." But,

The Court of Errors held that as there was *no evidence* that the trustees intended to sell for the purpose of distribution, except the agreement of Nov. 1841, H. was bound to complete his purchase; also held:

That the agreement having been drawn up with the intention that it should be signed by all the children of C. before it took effect; and one having refused and filed a bill to restrain the trustees from giving a deed, the agreement was incomplete for want of execution. Mrs. C. the trustee did not execute it as trustee, but only in respect to her interest as one of the *cestuis que trusts*. Per Bronson, J. delivering opinion of the court. Decree *reversed*, 12 to 3.